<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHAEL POWASNICK,** | |
| Plaintiff, | Civil Action No. 20-12775 (ZNQ) (DEA) |
| v. | **OPINION** |
| **BEITZEL CORP.,** *et. al.,* | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Motions to Dismiss the Amended Complaint ("the Motions") filed by Defendants Weir Minerals ("Defendant Weir") and Precision Pully & Idler ("Defendant Precision") pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF Nos. 24, 38.) Defendant Weir filed a brief in support of its Motion.  ("Weir Moving Br.", ECF No. 24-1). Defendant Precision also filed a brief in support of its Motion.  ("Precision Moving Br." ECF No. 38-2.)  Plaintiff Michael Powasnick ("Plaintiff") opposed Defendant Weir's Motion, ("Opp'n to Weir Br.", ECF No. 32), and opposed Defendant Precision's Motion.  ("Opp'n to Precision Br.", ECF No. 47.)  Defendant Precision filed a reply. ("Precision Reply Br.", ECF No. 48.)  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will GRANT the Motions.

---

[1] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

I.      **FACTUAL[2] AND PROCEDURAL HISTORY**

On May 16, 2019 Plaintiff Michael Powasnick ("Plaintiff") filed a complaint in the Superior Court of New Jersey, Ocean County against Defendants Beitzel Corp., H&H Millwright Services Inc. and Pheonix Pinelands Corp., along with fictitious Defendants and fictitious corporate Defendants. ("Compl.", ECF No. 1-1.) On September 15, 2020, the action was removed to United States District Court of New Jersey. (*See* ECF No. 1.) On July 16, 2021, Plaintiff filed an Amended Complaint, naming Defendants Beitzel Corp., H&H Millwright Services, Inc., Phoenix Pinelands Corp., Precision Pully & Idler, Carter's International Material Handling Equipment, Metso Outotec, and Weir Minerals. (*See* ECF No. 18.)

In Plaintiff's Amended Complaint, he alleges that on May 16, 2019, he was severely and permanently injured while cleaning, maintaining, or otherwise using a mining "conveyor belt" and/or "sand roller" and/or its peripheral equipment (hereinafter referred to as "equipment") manufactured and/or designed and/or maintained and/or installed and/or constructed and/or sold by Defendant Beitzel Corp. and/or H&H Millwright Services, Inc. and/or fictitious defendants. (Am. Compl. ¶ 2, ECF No. 18.)

Plaintiff alleges in his Amended Complaint that Defendants Precision Pully & Idler and Weir Minerals were component part manufactures responsible for some or all the component parts to the equipment that caused Plaintiff's injuries. (*Id*. ¶ 9, 12.)

The Amended Complaint charges Defendants with the following: Count One: Strict Products Liability, Count Two: Negligence (Products Liability), Count Three: Breach of Express and Implied Warranties, Count Four: Concerted Action, Count Five: Fraud/Misrepresentation,

---

[2] For purposes of this motion, the Court will take all facts alleged in the Amended Complaint as true. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

Count Six: Employer Liability against Defendant Phoenix Pinelands Corp./Phoenix Pinelands Sand Company pursuant to *Laidlow v. Hariton Machinery Company, Inc.*, 170 N.J. 602 (2002).

Defendants Weir Minerals ("Defendant Weir") and Precision Pully & Idler ("Defendant Precision") filed Motions to Dismiss the Amended Complaint pursuant Rule 12(b)(6).  (*See* ECF Nos. 24, 38.)  Defendants Metso Outotec ("Defendant Metso") and Carters International Material Handling Equipment ("Defendant Carters") additionally filed Motions to Dismiss.  (ECF Nos. 23, 25.)  However, stipulations of dismissal as to both Defendants Carters and Metso were filed on October 7, 2022 and October 11, 2022, respectively.  (See ECF Nos. 57, 58.)  Therefore, what remains pending before this Court are Defendant Weir's and Defendant Precision's Motions.

## II.    **LEGAL STANDARD**

Upon reviewing a motion to dismiss, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom."  *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).  If the plaintiff is unable to plead sufficient facts to state a claim to relief that is plausible on its face, a motion to dismiss should be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether a complaint is sufficient, a court must take three steps.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. at 679.   In sum, this court's inquiry is normally broken into three parts (1) identifying each element of the claim, (2) striking conclusory allegations, and (3) reviewing

the components of the complaint and evaluating whether all of the elements identified in part one

of the inquiry are sufficiently alleged. *Malleus*, 641 F.3d at 563.

A party may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss "only if

the time alleged in the statement of a claim shows that the cause of action has not been brought

within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal

quotation marks and citation omitted).  In other words, the Court may dismiss the complaint "only

[if] the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v.*

*Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

### III.    DISCUSSION

Defendants Precision and Weir argue that Plaintiff's claim for strict liability in Count One of

the Amended Complaint is time-barred.  (Precision Moving Br. at 5, Weir Moving Br. at 3[3]).

Defendants Precision and Weir argue that Plaintiff was required to file his complaint against them

by July 10, 2021.  (Precision Moving Br. at 6, Weir Moving Br. at 4).  Plaintiff did not file the

Amended Complaint until July 16, 2021 and therefore, Defendants Precision and Weir argue that

the Amended Complaint is time-barred.  (*Id.*)

Further, Defendant Weir argues that the Amended Complaint cannot "relate back" to the

original complaint, and the "fictitious defendant rule cannot apply" because Plaintiff failed to

exercise due diligence to identify Defendant Weir at any point prior to the expiration of the statute

of limitations.  (Weir Moving Br. at 4–5.)  Defendant Weir argues that the fictious name

designation lacks an appropriate description sufficient to identify Defendant Weir and thus,

Plaintiff cannot avail himself of N.J. Court Rule 4:26-1.  (*Id.*)

---

[3] Defendant Weir's brief in support of its Motion to Dismiss lacks page numbers. As such, all page numbers referenced herein will reflect the ECF assigned page number.

Defendant Precision argues, similarly to Defendant Weir, that Plaintiff cannot avail himself of the fictitious defendant rule, R. 4:26-1, because Plaintiff failed to exercise due diligence to identify Defendant Precision at any point prior to the tolling of the statute of limitations. (Precision Moving Br. at 7.)   Further, Defendant Precision argues that the fictitious defendant rule cannot apply because Plaintiff's original complaint did not comply with the "appropriate description" requirements of R. 4:26-1.  (*Id*. at 8.)

In opposition to Defendant Weir's Motion, Plaintiff argues that his complaint is timely under New Jersey's fictitious pleading standard. (Opp'n to Weir Br. at 4.)  Plaintiff argues that he worked diligently to obtain information sufficient to permit him to identify component part manufacturers. (*Id*.)  Specifically, Plaintiff asserts that in late 2019, before he filed suit, he "began [his] tortured attempt to gain access to the accident site."  (*Id*.)  Plaintiff indicates that he worked diligently to secure an appropriate mining expert, which are difficult to secure in the Northeastern United States. (*Id*.)  Plaintiff argues that despite his best efforts and months of repeated written and telephonic communication, as well as status conferences and interventions from the Court, he was unable to secure access to Defendant Phoenix Pinelands Corp's site until more than two years after the date of his injury.  (Id. at 4–5.)

In opposition to Defendant Precision's Motion, Plaintiff argues that his complaint is timely under New Jersey's fictitious pleading standard for the same reasons as argued in his brief in opposition to Defendant Weir's motion.  (Opp'n to Precision Br. at 4–5.)

In reply, Defendant Precision reiterates that Plaintiff failed to exercise due diligence in attempting to identify Defendant Precision before the tolling of the applicable statute of limitations. (Precision Reply Br. at 2.)  Defendant Precision asserts that Plaintiff failed to provide any proof of the attempts to identify Defendants, and nor did Plaintiff seek intervention of the

Court until after the statute of limitations expired. (*Id.*)  Defendant Precision argues that Plaintiff could have requested assistance from the Court at any time after August of 2020, when he initiated this action. (*Id.*)

In New Jersey, a suit for product liability must be brought within two years of the date of the accident.  N.J.S.A. 2A:14-2.  It is undisputed that Plaintiff's original complaint, filed on May 16, 2019, complied with this two-year deadline.  The parties instead dispute whether that two-year period was properly extendable here through plaintiff's use of fictitious ''John Doe'' and "ABC partnerships, corporations, and LLC's" names in his complaint under N.J. Ct. Rule 4:26–4.  In his original Complaint, (ECF No. 1-1), Plaintiff names only John Doe 1-10 (fictitious defendants) and ABC Partnerships 1-10, ABC LLC's 1-10, and ABC Corp. 1-10 (fictitious corporate defendants).  Plaintiff does not file his Amended Complaint, naming Defendants Precision and Weir, until July 16, 2021, which is six days after the statute of limitations expired.[4]

Plaintiff's Amended complaint is only timely as to Defendants Precision and Weir if it relates back to the initial filing under either the relation back rule or the fictitious party rule.  *See* N.J. Ct. Rule 4:9-3 (allowing for relation back of amendments); N.J. Ct. Rule 4:26-4 (allowing naming fictitious defendants and later substituting true names.  In this case, N.J. Ct. Rule 4:9-3 is not applicable, as Plaintiff originally filed suit against fictitious defendants, presupposing a need for a subsequent amendment, rather than mistakenly identifying the wrong defendants.  *See McGill v. John Does A–Z*, 541 F.Appx 225, 227–28 (3d Cir. 2013).

---

[4] The period for Plaintiff to bring his product liability claims would have expired two years after his accident, on May 16, 2021.  "In response to the Covid-19 pandemic, however, the New Jersey Supreme Court tolled the statute of limitations from March 16, 2020, through May 10, 2020, thereby granting Plaintiff an additional fifty-five (55) days . . . to file a timely [] claim." *Dusky v. BMW of N. Am., LLC*, No. 2:21-cv-4981, 2021 WL 2310079, at *2 (D.N.J. June 7, 2021) (citing New Jersey Supreme Court's June 11, 2020 Fourth Omnibus Order)).  Accordingly, Plaintiff was required to file his product liability claim against Defendants Weir and Precision on or before Saturday, July 10, 2021.

New Jersey's fictitious party practice rule provides that "[i]n any action ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J. Ct. R. 4:26-4.  This rule requires that "[a] specific claim must be filed against a described, though unnamed party, within the statute of limitations and plaintiff must diligently seek to identify the fictitiously named defendant." *Greczyn v. Colgate-Palmolive*, 183 N.J. 5, 11 (N.J. 2005).  "The [fictitious party practice rule] explicitly requires the plaintiff ... to add an 'appropriate description sufficient for identification' of the unknown party." *Carroll v. SetCon Indus. Inc.*, Civ. No. 10-04737, 2011 WL 736478, at *3 (D.N.J. Feb. 23, 2011).  Furthermore, application of N.J. Ct. R. 4:26-4 must not prejudice the defendant. *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 122 (1973).

As stated, New Jersey Court Rule 4:26–4 requires that a fictitious name be accompanied by an "appropriate description sufficient to identify" the party.  Plaintiff cites *Viviano v. CBS, Inc.*, 101 N.J. 538, 548 (1986) and argues that New Jersey's Supreme Court has construed this rule to permit a "plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant."  In *Vivano*, the Supreme Court of New Jersey considered, *inter alia*, whether the descriptive phrase "Defendant, JOHN DOE COMPANY, negligently, careless and recklessly designed, constructed, manufactured and tested the Record Press machine purchased and used by the Columbia Broadcasting System" was sufficient to permit amendment after the tolling of the statute of limitations to substitute the name of the manufacturer of a defective component part. *Id*. at 553–54.  The court found the description adequate. *Id*. at 554. However, the *Vivano* court specifically indicated the following:

> For the future, however, a plaintiff who is injured in an industrial accident should at least name as fictitious parties, if their true identities are unknown, those entities that designed, manufactured, and maintained the subject machine <u>and its component parts</u>. Furthermore, the plaintiff should allege in the body of the complaint, in general terms if necessary, his or her causes of action against those entities.

101 N.J. at 556 (emphasis added).

Subsequent to the issuance of the *Viviano* opinion, the New Jersey Appellate Division again considered an amended complaint which identified as John Doe defendants "the designers of, manufacturer of, seller of, distributor of, repairer of, modifier and/or renovator of, or ... otherwise responsible for" the machine which caused plaintiff's injuries to name as defendants workers' compensation insurers who acted as safety inspectors. *Rutkowski v. Liberty Mutual Ins. Co.*, 209 N.J. Super. 140, 143 (1986). There, the court upheld the trial court's granting of summary judgment to the insurers who had been substituted for fictitious entities after the expiration of the statute of limitations. *Id.* at 148. The *Rutkowski* court found that the language contained in the original complaint "would not have put any insurer or safety inspector on notice of the claim alleged even though, as was the case in the situation before the court, at least one party sought to be named was involved in defending the suit in its capacity as insurer for a named defendant." *Bryan*, 837 F.Supp. at 644 (discussing *Rutkowski*, surpa). The *Rutkowski* court held, "[e]ven applying the liberal construction of *Viviano*, we are constrained to say that the designation here applied, one 'otherwise responsible,' was insufficient to satisfy this provision." *Id.* at 146–47. The court's decision in *Rutkowski* "was bolstered by its belief that Rule 4:26–4 should not, as a matter of policy, be permitted to completely eviscerate the statute of limitations." *Bryan*, 837 F.Supp. 644. Thus, "to preserve the statute of limitations under N.J. Ct. Rule 4:26–4, the late-identified defendant *must be an entity subsumed with specificity within the fictitious party*

designation." *Bryan v. Associated Container Transp.*, 837 F.Supp 633, 644 (D.N.J. 1993) (citing

*Viviano*, 101 N.J. at 554–55) (emphasis added).

Similarly, in *Lawrence v. Bauer Publishing & Printing Ltd.*, 78 N.J. 371 (1979), the plaintiff's

complaint in a libel action had named a John Doe defendant, described as a newspaper employee

who was "the composer and writer" of the headline for the allegedly libelous story. *See Lawrence*

*v. Bauer Publishing & Printing*, 143 N.J. Super. 387, 389 (Law. Div. 1976). The court rejected

Plaintiff's attempt to thereafter name a certain public official as the article's source because the

late-named defendant was not a newspaper employee within the complaint's John Doe designation.

*See Lawrence*, 78 N.J. at 371–372, adopting reasoning of 154 N.J. Super. 271, 276 (App. Div.

1977) (dissenting opinion).

Additionally, this Court held in *Bryan v. Associated Container Transp.* that the complaint

sufficiently described the fictitious defendants. 837 F.Supp. at 645. There, the complaint identified

the John Doe defendants as unknown parties who "negligently, carelessly and/or improperly

stacked" the "trailer containing boxes of frozen beef." *Id.* There, the complaint specifically

described the actions and the products allegedly negligently handled by John Doe defendants. *Id*.

Here, Plaintiff's claims in his original complaint that he was injured while "cleaning,

maintaining, or otherwise using a mining 'conveyor belt' and/or 'sand roller' and/or its peripheral

equipment manufactured and/or designed and/or maintained and/or installed and/or constructed

and/or sold by Defendant Beitzel Corp. and/or H&H Millwright Services, Inc, and/or fictitious

defendants." (Compl. at 1.) Further, Plaintiff's originally complaint describes the fictitious

defendants as "employees or agents of defendants or other individuals whose scope of employment

or contractual responsibilities included design, manufacturer, selling, maintaining, constructing,

designing, merchandising, installing, supplying, and/or distributing mining equipment which

caused Plaintiff's injury." (*Id*. at 2.)  This language fails to adequately describe the John Doe Defendants as manufacturers of the component parts of the mining equipment that caused Plaintiff's injuries, as required by the New Jersey Supreme Court's decision in *Vivano*. 101 N.J. at 556.  Plaintiff indicates in his complaint that the conveyer belt and/or sandroller's "peripheral equipment" was the cause of his injury. However, the designation "peripheral equipment" is insufficient to identify the component part manufacturers.  Accordingly, the Court finds the term "peripheral equipment" too general to satisfy the notice requirement of N.J. Ct. Rule. 4:21-4.  As a result, the original complaint's description of the fictitious defendants is not "subsumed with specificity" to put Defendants Weir and Precision on notice of the lawsuit.  As such, the complaint fails to include an appropriate description sufficient for identification of the unknown party.

Because Plaintiffs failed to provide an appropriate description, in accordance with N.J. Ct. Rule 4:26-4, sufficient to give reasonable notice of their intended claims against the entities responsible for manufacture of component parts of the mining equipment that caused his injuries, the Court finds that Plaintiffs' claims against Defendants Precision and Weir are barred by the applicable statute of limitations.  Accordingly, Defendants Precision's and Weir's Motions to Dismiss will be granted, and all Counts against these defendants will be dismissed from the Amended Complaint with prejudice.

## IV.     CONCLUSION

For the reasons stated above, Defendants Precision's and Weir's Motions to Dismiss will be GRANTED. All claims against Defendants Precision and Weir will be **DISMISSED WITH PREJUDICE** from the Amended Complaint. An appropriate Order shall follow.

Date: **October 31, 2022**

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**