NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL POWASNICK,

                Plaintiff,

                v.

BEITZEL CORP., *et al.*,

                Defendants.

Civil Action No. 20-12775 (ZNQ) (JTQ)

OPINION

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon an Order to Show Cause ordered by the Court on March 24, 2025. ("OTSC," ECF No. 109.) The Court ordered Defendant Beitzel Corporation ("Beitzel") to "show cause . . . why this matter should not be dismissed for lack of subject matter jurisdiction and the Court's prior Opinion and Order (ECF Nos. 59, 60) should not be vacated." (ECF No. 109.) Beitzel filed a response to the OTSC on March 31, 2025 ("Beitzel Response," ECF No. 110), to which Plaintiff Michael Powasnick ("Plaintiff") responded ("Plaintiff Response," ECF No. 111).

    The Court has carefully considered the parties' submissions and decides the OTSC without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **VACATE** the Court's prior Opinion and Order (ECF Nos. 59, 60), and **REMAND** this matter back to the Superior Court of New Jersey, Law Division, Ocean County.

1

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff resides in Ocean County, New Jersey.  (Compl. ¶ 1.)  He was severely and permanently injured in 2019 while he was cleaning a mining conveyer belt and/or sand roller.  (*Id.* ¶ 2.)

On May 16, 2019, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Ocean County.  (Beitzel Response at 2; Ex. A.)  In the Complaint, Plaintiff sued Beitzel, H&H Millwright Services, Inc. ("H&H"), Phoenix Pinelands Corporation ("Phoenix"), and fictitious defendants.  (*See* Compl.)

Beitzel is a citizen of Maryland.  (*Id.* ¶ 6.)  H&H is a citizen of Pennsylvania.  (*Id.* ¶ 7.)  Phoenix is a corporation and is a citizen of New Jersey.  (*Id.* ¶ 8.)

## II.    LEGAL STANDARD

A federal court has a duty to ensure it has subject matter jurisdiction over any matters before it and must remand the matter if there is no subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  District courts can exercise jurisdiction over any matter arising under federal law and in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."  28 U.S.C. § 1331; 28 U.S.C. § 1332(a).

A defendant can remove a civil action that was brought in state court "of which the district courts of the United States have original jurisdiction."  18 U.S.C. § 1441(a).  Removal is therefore "only proper for a matter that could have been filed in federal court from the start."  *Hampton v. Speedway, LLC*, Civ. No. 20-6279, 2021 WL 1339953, at *1 (E.D. Pa. Apr. 9, 2021).  § 1441(a) does not confer jurisdiction.  *See id.*  Instead, it provides a mechanism to remove a matter from

2

state court to federal court when—and only when—there is federal question jurisdiction or diversity jurisdiction present. *Id.*

## III.   DISCUSSION

Beitzel asserts that this Court has diversity jurisdiction because it is a citizen of Maryland, Plaintiff is a citizen of New Jersey, H&H is a citizen of Pennsylvania, and the amount in controversy is likely over $75,000. (*See* Beitzel Response *generally*.) Specifically, Beitzel claims snap removal was appropriate, as it removed this matter before Phoenix—a New Jersey citizen— had been properly joined and served. (*Id.* at 3.) However, Beitzel misinterprets snap removal and the Third Circuit's holding in *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018).

For purposes of diversity jurisdiction under § 1332(a), it is irrelevant whether a defendant was served at the time of removal. *See Hampton*, 2021 WL 1339953, at *2. The citizenship of *all* parties must be considered when evaluating whether diversity jurisdiction exists. § 1332(a).

Plaintiff asserts that Beitzel misinterprets *Encompass*. In *Encompass*, the plaintiff, a citizen of Illinois, brought an action against defendant, a citizen of Pennsylvania, in Pennsylvania state court. *Encompass Ins. Co.*, 902 F.3d at 149. Prior to being served, the defendant removed the case to federal court. *Id.* at 150. This removal process is commonly referred to as "snap removal." *Id.* at 152. The Third Circuit held that removal was proper because a defendant may remove a state court action involving diverse parties prior to being served to avoid the forum defendant rule. *Encompass Ins. Co.*, 902 F.3d at 153–54.

Unlike here, *Encompass* involved completely diverse parties and the application of the forum defendant rule, which prohibits a defendant that is a citizen of the forum state from removing the case to federal court when removal is based on diversity jurisdiction. *See* 28 U.S.C.

§ 1441(b)(2). The Third Circuit has not addressed this specific issue in the wake of *Encompass*, but Plaintiff's position is supported by the majority of courts that have considered it. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (agreeing with *Encompass*, holding "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) *so long as a federal district court can assume jurisdiction over the action*" (emphasis added)); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (same); *Keyser v. Toyota Material Handling Northeast, Inc.*, Civ No. 20-10584, 2020 WL 7481598, at *2–3 (D.N.J. Dec. 18, 2020) ("While the citizenship of a forum-defendant (who is not properly served) does not offend the language of 1441(b), it does offend the language of 28 U.S.C. § 1332(a)."); *Stanley v. Lowe's Companies, Inc.*, et al., Civ. No. 19-15436, 2020 WL 1531387, at *4 (D.N.J. Mar. 31, 2020) ("The forum-defendant rule and snap removal are only relevant, however, where diversity jurisdiction exists. Accordingly, before Defendants may assert that snap removal permits removal of this action, they must first establish diversity jurisdiction exists." (citation omitted)); *Reyes v. Sheika*, Civ. No. 19-20388, 2020 WL 2735710, at *2 (D.N.J. May 7, 2020), report and recommendation adopted, 2020 WL 2732069 (D.N.J. May 26, 2020) (collecting cases holding the same); *Mecca v. Ecosphere, LLC*, Civ. No. 20-12769, 2020 WL 6580855, at *4 (D.N.J. Nov. 10, 2020) (noting "that [defendant] is incorrect in its assertion that only the citizenship of defendants who have been served is relevant to the diversity jurisdiction analysis . . . the forum defendant rule bars removal if 'any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought,' but the diversity requirements of 28 U.S.C. 1332(a) still apply").

4

Here, Beitzel improperly asks to ignore Phoenix's citizenship to determine whether there is diversity. This case involves: Plaintiff, a New Jersey citizen; Beitzel, a Maryland citizen; H&H, a Pennsylvania citizen; *and* Phoenix, a New Jersey citizen. No federal question is involved. Section 1332(a) requires complete diversity among all parties, which is not present here. Thus, this case does not fall within this Court's original jurisdiction and must be remanded.

## IV.    CONCLUSION

For the reasons stated above, the Court will **VACATE** the Court's prior Opinion and Order (ECF Nos. 59, 60) and **REMAND** this matter back to the Superior Court of New Jersey, Law Division, Ocean County. An appropriate Order will follow.


Date: March 3, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**